1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PROTECTIVE LIFE INSURANCE
     COMPANY, as successor-in-interest to
11   CHASE INSURANCE LIFE AND
     ANNUITY COMPANY,
12
                    Plaintiff,              No. CIV S-08-0035 JAM EFB
13           vs.

14   RACHEL PHILLIPS,                       <u>FINDINGS & RECOMMENDATIONS</u>

15                  Defendant.
     _____/
16

17          This case was referred to the undersigned pursuant to Local Rule 72-302(c)(19).  *See* 28

18   U.S.C. § 636(b)(1).  Plaintiff's motion for entry of default judgment against defendant Rachel

19   Phillips came on for hearing on May 21, 2008.  Jessica Perry appeared as plaintiff's counsel, and

20   defendant made no appearance.  Upon review of the motion and the supporting documents, the

21   court issues the following findings and recommends that the motion be granted.

22   **I.  JURISDICTION**

23          Jurisdiction is appropriate under 28 U.S.C. § 1332.  Plaintiff is a corporation organized

24   under the laws of the State of Tennessee and maintains its principal place of business in

25   Birmingham, Alabama.  Complaint ("Compl."), ¶ 1.  Defendant Rachel Phillips is a resident of

26   California.  *Id.*, ¶ 2.  The matter in controversy exceeds $75,000.  *Id.*, ¶ 3.

1

## II. BACKGROUND

This case is proceeding on the complaint filed on January 4, 2008.  Plaintiff seeks a judgment rescinding the life insurance policy applied for by defendant's husband, Rodney Phillips ("decedent"), on grounds of misrepresentation and concealment of material facts. Plaintiff is the successor-in-interest to Chase Insurance Life and Annuity Company, which processed decedent's application for term life insurance.  *See* Compl., ¶¶ 1, 6; Declaration of Jessica M. Perry in Support of Request to Enter Default of Defendant Rachel Phillips ("Perry Decl."), ¶ 1.  Defendant, Rachel Phillips is the named beneficiary under the policy.  Compl, ¶ 6.

The complaint alleges claims for rescission based on the decedent's misrepresentations and concealment of facts in his application for term life insurance.  On or around December 13, 2006, Rodney Phillips spoke with a Chase account executive regarding an application for term life insurance, with a death benefit of $100,000.  Compl., ¶ 6.  The executive read questions from the application over the telephone, and decedent responded.  *Id.*  Decedent named his wife, defendant Rachel Phillips, as the primary and sole beneficiary under the policy.  *Id.*  Around October 14, 2006, Chase sent the typed application packet to decedent for his signature, which was to be made in the presence of a medical examiner.  *Id.*, ¶¶ 6, 19, 20.  The packet included a Receipt and Temporary Insurance Agreement ("TIA"), which included a provision that any material misrepresentations or fraud in the application invalidated the TIA.  *Id.*, ¶ 7.

Decedent was scheduled for a medical examination on October 19, 2006, but the examination did not occur.  *Id.*, ¶ 19.  Decedent claimed he lost the application packet, and when he notified Chase on November 7, 2006, it sent him a duplicate application packet on or around November 9, 2006.  *Id.*  The medical examination was rescheduled, and occurred on November 9, 2006.  *Id.*, ¶ 20.  However, decedent was not able to sign the agreement in the examiner's presence because he had not yet received the new packet.  *Id.*

On November 10, 2006, Rodney Phillips died.  *Id.*, ¶ 22.  Chase received notice of decedent's death on or around November 15, 2006, when decedent's brother called Chase upon

1  receiving the duplicate application packet in the mail.  *Id.*

2      On November 22, 2006, following decedent's death, defendant Rachel Phillips faxed to

3  Chase a copy of the agreement bearing decedent's purported signature, dated October 19, 2006 –

4  the date of the originally scheduled medical examination.  *Id.*, ¶ 23.

5      Because no policy had ever been delivered and decedent had never paid the first premium

6  due, and in light of the discrepancy between decedent's previous representation regarding the

7  lost packet and the date of his purported signature, plaintiff began a contestable claim

8  investigation.  *Id.*, ¶¶ 7, 24.  During that investigation, plaintiff discovered numerous

9  misrepresentations on decedent's application.  Specifically, plaintiff discovered that decedent

10 had failed to disclose his history of hypertension, asthma, chronic obstructive pulmonary disease,

11 congestive heart failure, seizures, hepatitis C, severe depression, schizophrenia, alcoholism,

12 abuse of Soma, and, among other things, his conviction and driver's license suspension for

13 driving under the influence within the five years preceding  the application.  *See id.*, ¶¶ 9-18, 24-

14 26.  These newly discovered facts contradicted many of decedent's representations on the

15 application.  *Id.*, ¶¶ 9-18.  Plaintiff had no knowledge of the falsity of decedent's representations

16 prior to the investigation.  *Id.*, ¶ 28.

17      Based on these misrepresentations, plaintiff rescinded any applicable coverage under the

18 TIA or application, and filed this action.  *Id.*, ¶ 29.  Defendant was served with the summons and

19 complaint on February 15, 2008, but failed to file an answer or otherwise respond to the

20 complaint.  The Clerk entered default against defendant on March 17, 2008, and plaintiff now

21 moves for entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(2).  Specifically, plaintiff

22 seeks a declaratory judgment that defendant is owed no sums under Chase life insurance policy

23 number FK3627499 on the life of Rodney I. Phillips.

24 **III.  DISCUSSION**

25      Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk is required to enter default

26 when the fact of default is established by affidavit or otherwise.  Fed. R. Civ. P. 55(a).  In this

case, default was established by plaintiff and entered by the Clerk on March 17, 2008.  Now before the court is plaintiff's application for entry of default judgment against defendant pursuant to Fed. R. Civ. P. 55(b)(2).

A.  Standard

It is within the sound discretion of the district court to grant or deny a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

B.  Analysis

The first *Eitel* factor weighs in plaintiff's favor. Plaintiff would be prejudiced if default judgment were not granted because it would be denied the right to judicial resolution of the claims presented.  Further, if defendant never files a responsive pleading, the case will never be at issue, and plaintiff would be denied a judicial determination about its decision to rescind the policy.

The second and third factors also weigh in plaintiff's favor.  As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to the damages.  *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted).

Here, the facts as plead by plaintiff establish that it is entitled to rescind the policy on the basis of decedent's misrepresentations and concealment of material facts.  An insurer may rescind a policy when the insured has misrepresented or concealed material information in connection with obtaining insurance. *TIG Ins. Co. of Michigan v. Homestore, Inc.*, 137 Cal.

4

App. 4th 749, 755-56 (Cal. Ct. App. 2006) (citing Cal. Ins. Code §§ 331 and 359).  Plaintiff has plead facts showing that decedent made numerous misrepresentations on the insurance application and concealed facts that were material to the plaintiff's decision to issue coverage. *See* Compl., ¶¶ 9-18, 24-28.  The complaint is sufficiently plead and states a claim for rescission of the insurance policy based on these misrepresentations and concealment of material facts.  Thus, the second and third *Eitel* factors weigh in favor of granting default judgment against defendant.

The fourth *Eitel* factor, the sum of money at stake, weighs in plaintiff's favor for the reason that it seeks only to rescind the policy and does not seek monetary damages.  Having established that it is entitled to rescind the policy, plaintiff would be prejudiced if judgment were not awarded in its favor.  Plaintiff would otherwise face the risk of re-litigating its claims if defendant ever tried to collect on the policy.

With regard to the fifth factor, no genuine issue of material fact exists because the allegations in the complaint are taken as true, *TeleVideo Systems*, 826 F.2d at 917-18, and defendant has submitted nothing to contradict them.

The sixth factor also weighs in plaintiff's favor since defendant has failed to make any appearance in this case. Such failure to respond cannot be deemed "excusable neglect."

Finally, only the seventh *Eitel* factor weighs against granting the motion for default judgment.  The strong policy underlying the Federal Rules of Civil Procedure favor decisions on the merits.  *Eitel*, 782 F.2d at 1472.  Nonetheless, where a defendant fails to answer the complaint, a decision on the merits is "impractical, if not impossible."  *Elektra Ent. Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) (citations omitted).  Thus, given defendant's failure to appear or respond in any way, this factor does not preclude an entry of default judgment.  *Id.*, at 393.  Thus, on balance, the factors weigh in favor of granting plaintiff's motion for entry of default judgment.

////

Plaintiff does not seek damages, costs or fees, and seeks only a declaratory judgment that defendant Rachel Philips is owed no sums under Chase life insurance policy number FK3627499 on the life of Rodney I. Phillips.  The court finds that plaintiff has established it is entitled to that relief.

## IV. CONCLUSION

In accordance with the foregoing, IT IS RECOMMENDED that:

1.  Plaintiff's application for entry of default judgment against defendant be granted;

2.  Judgment be entered in plaintiff's favor and against defendant Rachel Phillips and that Rachel Phillips take nothing under Chase life insurance policy number FK3627499 on the life of Rodney I. Phillips; and,

3. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED:  August 26, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE